UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **EUGENE SPENCE** | **CIVIL ACTION NO. 07-981** |
| **VS.** | **SECTION P** |
| **FEDERAL CORRECTIONAL INSTITUTE** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION*

Before the court is a *pro se* petition for writ of habeas corpus filed pursuant 28 U.S.C. §2241 on July 6, 2007[1], by Eugene Spence.  Spence is presently being detained at the Federal Correctional Institute in Oakdale, Louisiana, but he complains of constitutional violations which allegedly occurred while he was detained at FCI Loretto (FCIL), in Loretto, Pennsylvania.  As discussed below, this petition is properly read as a civil rights complaint.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff contends as follows: on November 27, 2006, an officer at FCIL instructed plaintiff to assist with installation of  holiday decorations - specifically a Santa Claus and a reindeer.  He informed the officer that such action was in conflict with his beliefs as a Muslim, and he asked the officer for another job assignment.  FCIL staff stated that the decorations were non-denominational, and another job assignment was not given.

---

[1] Plaintiff's motion to proceed *in forma pauperis* [Doc. 3] was denied on July 2, 2007. [Doc. 4]

Because plaintiff's pleading was filed on a *habeas* form, there is little other information given to support his actual claim. However, an incident report [Doc. 1-3, p. 1] attached to plaintiff's §2241 form states that he refused to do the assigned work, and was subsequently charged with and found guilty of committing a prohibited act in violation of prison rules. Thereafter, the incident report states that the disciplinary committee imposed a 30-day commissary restriction upon plaintiff. In response, he filed an administrative grievance [Doc. 1-3, pp. 2, 5, 6] seeking reinstatement of his camp privileges and expungement of the incident report. The grievance request was denied [Doc. 1-3, p. 3], stating, "After having consulted with the Chief of Chaplaincy Services, the UDC determined that the work which was required of you was of non-denominational status, and therefore, did not conflict with your specific religious beliefs. Your decision to leave your assigned work area without authorization, constitutes a refusal to work. Therefore, you were found guilty of the infraction and your custody score was adjusted resulting in an overall score of 14 points which indicates 'Low' level security." Id.

As a result of the above actions, plaintiff claims that his First Amendment rights to the free exercise of religion have been violated.

## LAW AND ANALYSIS

At the onset, this court is called upon to determine whether to treat plaintiff's pleading as a petition for *habeas corpus* as plaintiff advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] In general, a civil rights suit "is the proper vehicle to attack

---

[2] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. *Broadway v. Beck*, 694 F.2d 979, 981 (5th Cir.1982)(actions of federal officials taken under color of federal law cannot form the basis of a suit under section 1983 ).

3

unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)." *Carson v. Johnson*, 112 F.3d 818, 820.

The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings:  If  "a favorable determination ...  would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a civil rights suit.

Based upon a review of the pleadings herein, it is clear that  plaintiff  has asserted a civil rights claim (violation of  the free exercise of religion) rather than a *habeas* claim.  Specifically, his claims do not implicate the overall length of his confinement but only the conditions of his confinement.

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. 28 U.S.C.A. §§ 1404, 1406 (West 1993). Section 1404 provides, in pertinent part:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a)(West 1993). A case may be transferred upon a motion or sua sponte. *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987). The district court has broad discretion in deciding whether to order a transfer. Id.

4

In the present case, there is no question but that all of the actions underlying plaintiff's claims occurred in Pennsylvania. Thus, any injuries to be alleged by plaintiff, as well as the operative facts creating his claims occurred in Pennsylvania and not in the Western District of Louisiana. Further, it appears that the applicable venue provision in this case is found at 28 U.S.C. § 1391(b), which permits venue only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred.

As previously stated, plaintiff's claims alleging interference with his First Amendment rights, arose out of events that occurred at FCI Loretto, Pennsylvania, located within the Western Judicial District of Pennsylvania. Other than plaintiff's subsequent transfer to FCI Oakdale, this District has no relationship to the present case, and venue is not proper here. See *Balawajder v. Scott*, 160 F.3d 1066 (5 Cir.1998), cert. denied , 526 U.S. 1157, 119 S.Ct. 2044, 144 L.Ed.2d 212 (1999)(transfer of prisoner's pro se civil rights case was not an abuse of discretion where prisoner's claims arose out of events that occurred in prison unit within transferee district).

Therefore,

**IT IS RECOMMENDED** that the instant case be TRANSFERRED to the Western District of Pennsylvania, Loretto Division.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

5

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on September 12, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)